**AFFIRM; and Opinion Filed June 21, 2019.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

---

### No. 05-18-00771-CV

---

**JANE DOE, INDIVIDUALLY AND AS NEXT FRIEND OF S.D., A MINOR CHILD AND DAUGHTER OF JANE DOE, Appellant**

**V.**

**CITY OF DALLAS, Appellee**

---

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-01045**

---

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Nowell

In this appeal, Jane Doe, individually and as next friend of S.D., a minor child and daughter of Jane Doe, contends the trial court erred by granting the City of Dallas's plea to the jurisdiction and dismissing her claims against the City. The City's plea to the jurisdiction argued, among other things, the trial court lacked subject matter jurisdiction because the City did not receive timely written or actual notice of Doe's claims as required by the Texas Tort Claims Act ("TTCA"). Because we conclude the City did not receive the required notice, we affirm the trial court's order of dismissal.

Appellant sued the City after her minor daughter, S.D., was sexually assaulted while performing community service at the Umphress Recreation Center, which the City owns and operates.

S.D.'s supervisor at Umphress instructed her to clean the weight room and men's restroom. While she cleaned the weight room, a male patron, later identified as Gerardo Rangel Segovia, watched and followed her. Before S.D. began cleaning the men's restroom, which was adjacent to the weight room, she propped open the door. Segovia followed S.D. into the men's restroom, removed the door prop, closed the door, and assaulted her. S.D. did not immediately tell anyone at Umphress about the incident.

When she arrived home, S.D. told her mother, Jane Doe, about the assault. S.D. and Doe returned to Umphress and talked to Fabian Ramirez who was managing the center that day. Doe told Fabian what occurred, and Fabian said he would help find the perpetrator. Fabian told Doe that the center's security camera system was not functioning and no one was monitoring who entered the restroom. Fabian also contacted the police who talked to Doe and S.D. S.D. provided a description of the assailant.

The following day when Segovia returned to Umphress, Ramirez contacted the police who arrested Segovia. Segovia was indicted for indecency with a child.

Doe testified in her deposition:

> Q. Okay. And was it your understanding from your conversation with Mr. Fabian that he said, I'm going to help you, because he was trying to help you figure out who the man was who had assaulted your daughter?
> A. Yes, who was the man. Who was the guilty person.
> Q. Okay. And was Mr. Fabian helping you try to figure that out?
> A. Yes, to find out who it was, you know. Because if he did it once, and then he was going to do something like that again.

---

[1] The facts primarily are taken from the fifth amended petition and deposition testimony attached to the City's plea to the jurisdiction and appellant's response.

Q. Okay.
A. That's what I told him. I said, You guys have to help us, because if he did this, he's going to continue to take advantage of this.

Doe further testified:

Q. Okay. In any of your conversations with Mr. Fabian, did you ever tell him that you believe the City was responsible for what happened to your daughter?
A. No. Never. Never.

The police created reports, which include S.D.'s recitation of events. The reports state the security cameras "were not hooked up to any recording equipment. The employees also stated a check in log is required for all visitors but that he [sic] did not have access to pull up that information or print it off but that it would not be deleted and could be available for any follow up by investigating officers."

At the time of the incident, the surveillance camera system had not been operational for several months, and the only monitor display was in an office where one woman worked. She testified she did not watch the monitor full time, but occasionally glanced at it when she was in her office. Approximately eighteen months after the incident, the camera system was repaired and the monitor display relocated to the front desk where the front-desk employees could watch it.

Appellant sued the city for premises liability and personal injury proximately cause by a condition or use of tangible personal or real property. Appellant alleged the layout of the recreation center was defective; the security camera system was not installed properly to provide necessary security; Umphress management knew about these design defects and the broken surveillance system; and these defects led to the sexual assault.

LAW & ANALYSIS

In a single issue, appellant asserts the trial court erred by granting the City's plea to the jurisdiction and dismissing the lawsuit because the City had actual notice of the incident and injuries that S.D. suffered on the day of the assault.[2]

A plea to the jurisdiction contests a trial court's subject matter jurisdiction. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010) (per curiam). Whether a court has subject matter jurisdiction is a question of law we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *see also Worsdale v. City of Killeen, Texas*, No. 18-0329, 2019 WL 2479177, at *7 (Tex. June 14, 2019)("Because the jurisdictional evidence is undisputed, we review the actual-notice issue de novo."). Generally, governmental entities are immune from suits seeking to impose tort liability on them. *City of San Antonio v. Tenorio*, 543 S.W.3d 772, 775 (Tex. 2018). Absent a waiver of immunity, a trial court lacks subject matter jurisdiction over suits against governmental entities. *See id.*

The TTCA contains a waiver of immunity if the governmental unit is given a statutorily required notice. *See id*. Pursuant to the TTCA, a governmental unit must be given notice of a claim against it "not later than six months after the day that the incident giving rise to the claim occurred." TEX. CIV. PRAC. & REM. CODE § 101.101(a). The notice of claim must describe "(1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident." *Id*. However, the TTCA's written notice requirements do not apply if a governmental unit has actual notice. *Id.* § 101.101(c); *see Tenorio*, 543 S.W.3d at 776. A governmental unit has actual notice under the TTCA if it has subjective knowledge of (1) a death, injury, or property damage; (2) the governmental unit's fault that produced or contributed to the death, injury, or property damage;

---

[2] Appellant makes several other arguments in her brief regarding why the trial court erred by granting the City's plea to the jurisdiction. However, because of our resolution of this argument, we need not address the others. *See* TEX. R. APP. P. 47.1.

and (3) the identity of the parties involved. *Tenorio*, 543 S.W.3d at 776. "Knowledge that a death, injury, or property damage has occurred, standing alone, is not sufficient to put a governmental unit on actual notice for TTCA purposes. . . . [T]he actual notice provision requires that a governmental unit has subjective awareness that its fault, as ultimately alleged by the claimant, produced or contributed to the claimed injuries." *Id.* (internal citations omitted); *see also Worsdale*, 2019 WL 2479177, at *6 ("there must be subjective awareness connecting alleged governmental conduct to causation of an alleged injury to person or property in the manner ultimately asserted."); *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 347-48 (Tex. 2004). "The issue is not whether the City should have made the connection between injury and responsibility as alleged, but whether the City made the connection or had knowledge that the connection had been made." *Worsdale*, 2019 WL 2479177, at *7.

In its plea to the jurisdiction, the City asserted the trial court lacked subject matter jurisdiction because appellant did not provide the City with written or actual notice pursuant to the TTCA. Appellant conceded she failed to provide the TTCA-required written notice of claim within six months of the date of the alleged injury, but asserted the City had actual notice of the incident and injuries on the day of the alleged assault. The City does not deny it knew the alleged injury occurred in a facility it owns and operates. However, the City asserts, the record does not show it was subjectively aware that it was at fault for the alleged assault.

Appellant relies on the following facts to show the City's subjective awareness: the City knew S.D. was instructed to clean the men's restroom without supervision and knew the men's restroom was hidden from view because of the facility's layout; the City knew it was not unusual for only one person to be in the weight room; the City's employees agreed S.D. did not cause the sexual assault; the City failed to follow its volunteer program policies and procedures with S.D., including failure to timely complete S.D.'s application to the volunteer program, obtain a signed

–5–

acknowledgement from S.D. to confirm she received a copy of the volunteer program policies, and train S.D.; the City was aware the risk of leaving children alone with adults included potential sexual assault; the City lacked training, policies, or procedures for its staff and employees to protect minor children from sexual assaults; the City had a security surveillance system installed in the building to protect people, and the City knew the system was not working on the day of the incident; the City did not train employees at Umphress to use the camera surveillance system, instruct staff to monitor the surveillance system, and place a display monitor in an area accessible to multiple employees; and the City did not prohibit sex offenders or other violent criminals from using its recreation centers and did not perform background checks for those individuals. Based on these facts, appellant argues that "the City had actual notice because the facts and circumstances known to the City when the incident occurred at least *implied* that the City was responsible for the sexual assault."

Whether the cumulative evidence at least implies the City was responsible for the injury is not inquiry we make. The standard for actual notice is "that a governmental unit has subjective awareness that its fault, as ultimately alleged by the claimant, produced or contributed to the claimed injuries." *Tenorio*, 543 S.W.3d at 776. The evidence in the record does not meet this standard.

Doe testified she did not inform the City she believed it was at fault. She testified that Fabian told her he would help her find the man responsible for the assault and Doe was concerned that if the man "did it once . . . then he was going to do something like that again." When asked whether she told Fabian that the City was responsible for what occurred, Doe answered "No. Never. Never." Rather than showing the City was subjectively aware that it was at fault or that its alleged fault produced or contributed to the claimed injuries, Doe's testimony shows she limited her interaction with the City to identifying the perpetrator.

The record does not show that the City knew its alleged failures—as identified by appellant—produced or contributed to S.D.'s injuries, including the layout of the facility or the City's failure to maintain an operational surveillance system. There is no evidence the City made a connection or had knowledge a connection had been made between the injury to S.D. and its alleged failures. Rather, none of the reports in the record connect the injury to S.D. with any failure by the City.

Appellant emphasizes the City knew its camera surveillance system was broken, as it had been several months. Knowing the camera surveillance system was not operating does not show the City had a subjective awareness of its fault. The record shows that, after the incident, various persons were interested in the camera system because it could show the perpetrator's identity, not because its failure to operate showed the City's responsibility for the assault. For example, the police report states the surveillance system was "not hooked up to any recording equipment" and immediately thereafter noted that visitor logs could be accessed at a future time by investigators. These statements indicate the police were interested in the camera system for purposes of identifying the perpetrator; they did not put the City on notice that it was at fault for the incident.

Based on this record, we conclude the evidence does not show the City had subjective awareness that its fault, if any, produced or contributed to S.D.'s injury. Therefore, we conclude the City did not have actual notice. Because appellant failed to meet the written notice requirement and the City did not have actual notice, we conclude the trial court lacked subject matter jurisdiction and properly granted the City's plea to the jurisdiction. We overrule appellant's first issue.

## CONCLUSION

We affirm the trial court's order dismissing appellant's claims against the City with prejudice.

_/Erin A. Nowell/_
ERIN A. NOWELL
JUSTICE

180771F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JANE DOE, INDIVIDUALLY AND AS NEXT FRIEND OF S.D., A MINOR CHILD AND DAUGHTER OF JANE DOE, Appellant

No. 05-18-00771-CV          V.

CITY OF DALLAS, Appellee

On Appeal from the 160th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-17-01045.
Opinion delivered by Justice Nowell.
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, the trial court's order dismissing the Fifth Amended Original Petition filed by appellant Jane Doe, Individually and as Next of Friend of S.D., a Minor Child and Daughter of Jane Doe, against appellee the City of Dallas with prejudice for want of subject-matter jurisdiction is **AFFIRMED**.

It is **ORDERED** that appellee the City of Dallas recover its costs of this appeal from appellant Jane Doe, Individually and as Next of Friend of S.D., a Minor Child and Daughter of Jane Doe.

Judgment entered this 21st day of June, 2019.